UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VANESSA TADEMY**, <br><br> Plaintiff, <br><br> v. <br><br> **FORD MOTOR COMPANY**, <br><br> Defendant. | **2:18-CV-13835** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation (ECF No. 30), recommending that the Court grant Defendant's motion for summary judgment. ECF No. 18.

## I.   BACKGROUND

This is a *pro se* civil rights case: Plaintiff Vanessa Tademy sued Ford Motor Company, alleging disability discrimination under the Americans with Disabilities Act (ADA) and Michigan Persons with Disabilities Civil Rights Act (PWDCRA). ECF No. 1. In brief, Judge Whalen's recommendation for dismissal is based on the finding that Plaintiff failed to establish a prima facie case of disability discrimination

1

under the ADA[1] because she failed to show a perceived disability and that she was otherwise qualified for her job. Rather, Plaintiff's termination was based on the independent ground of violating Defendant's Zero Tolerance Policy. ECF No. 30, PageID.275.

## II.   STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). On March 30, 2021, Plaintiff was granted a 30-day extension (ECF No. 32), and subsequently filed a timely objection to the Report and Recommendation on April 30, 2021. ECF No. 33. Defendant filed a response on May 6, 2021. ECF No. 34.

A district court must conduct a *de novo* review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

---

[1] "Because the ADA and the PWDCRA 'share the same purpose and use similar definitions and analyses,' both the Michigan Supreme Court and the Michigan Court of Appeals 'have relied on the ADA in interpreting the PWDCRA.' *Chiles v. Mach. Shop, Inc.*, 238 Mich. App. 462, 472, 606 N.W.2d 398, 405 (1999)." ECF No. 30, PageID.275. Therefore, Magistrate Judge Whalen's analysis of the Plaintiff's ADA claim also applies to her PWDCRA claim. *Id.*

The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

However, only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002).

## III.   DISCUSSION

Plaintiff filed three objections to the Report and Recommendation ("R&R"). As explained below, Objections No. 1 and No. 2 are at best, generalized and vague. The objections do not direct the Court to any errors in the Magistrate Judge's Report and Recommendation that she

3

seeks to have this Court correct. And Objection No. 3, though understandable, is outside the realm of this Court's review.

**A. Objection No. 1**

Plaintiff first objects to the Facts, Standard of Review, and Discussion sections of the R&R on the basis that there are "false statements" under Facts and Discussion. ECF No. 33, PageID.281.

As Defendant notes in its response, Objection No. 1 fails to identify any particular statement within the Facts or Discussion sections that Plaintiff believes to be false. ECF No. 34, PageID.287. The law is clear that Plaintiff cannot merely "dispute[] the correctness of the magistrate's recommendation," without citing to, or "specify[ing] the findings she believed were in error." *Miller v. Currie*, 50 F.3d at 380. An objection "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Howard*, 932 F.2d at 509. Here, Plaintiff fails to meet this standard. Without a specific understanding of which statements in the Report and Recommendation are alleged to be false, this Court does not have the ability to determine whether an error occurred. Thus, Objection No. 1 must be overruled.

**B. Objection No. 2**

For similar reasons, Objection No. 2 must be overruled. The entirety of Plaintiff's second objection consists of the following:

> **Provision of R&R to which objection pertains**: Rule 33. Interrogatories to Parties (a)2(b) Rule 26 (b) (1) and (2). Rule 29, Federal Rules of evidence.

**Basis of objection:** Rule 34 (b)2(B).

ECF No. 33, PageID.282.

There are several problems with this objection. First, it refers to Rules that are clearly Federal Rules of Civil Procedure, but identifies them as Rules of Evidence. Second, it merely cites to those rules by number without explaining how anything in the Report and Recommendation relates to or allegedly violates those rules. While the Court recognizes that pro se pleadings should be liberally construed, Plaintiff fails to pinpoint any particular issue, or explain upon what basis, the cited rules might support an objection to the Magistrate Judge's Report and Recommendation. Consequently, Objection No. 2 is overruled.

### C. Objection No. 3

Plaintiff's third objection does not articulate any error in the Report and Recommendation, but rather states that Plaintiff needed more time to prepare her objections than the 30-day extension previously granted by the Court. ECF No. 33, PageID.283. The Court granted that extension of time at Plaintiff's request due to the tragic death of her daughter. Plaintiff's third objection states that the 30-day extension was inadequate. *Id.*

Although the Court extends its deepest condolences to Plaintiff upon the untimely and unfortunate death of her daughter, this tragic loss

was the reason the Court previously granted Plaintiff an additional 30 days to prepare her Objections. At this stage, a request for another extension of time is not a valid objection to the Magistrate Judge's Report and Recommendation. Having carefully reviewed that R&R, the Court finds that it is correctly decided, and should be adopted. Objection No. 3 is overruled.

## CONCLUSION

For the reasons set forth, Plaintiff's Objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law.

**IT IS SO ORDERED.**

Dated: September 29, 2021     s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE